**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO SILVERIO-GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1654

Agency No. A205-466-930

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioner Roberto Silverio-Gonzalez, a citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") affirming,

without opinion, an order of an Immigration Judge ("IJ") denying his application

for withholding of removal and protection under the Convention Against Torture

("Torture Convention"). We have jurisdiction under § 242 of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1252. We review the agency's factual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under that standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. The agency properly rejected Silverio-Gonzalez's claim for withholding of removal on the ground that he failed to establish a nexus between any past or feared future persecution and one of the protected grounds specified in the INA. *See* 8 U.S.C. § 1231(b)(3)(A) (providing for withholding of removal if the alien would likely suffer persecution because of his or her "race, religion, nationality, membership in a particular social group, or political opinion"); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017) (requiring that, to be eligible for withholding of removal, the applicant's protected ground must be "a reason" for his persecution).

Substantial evidence supports the agency's conclusion that Silverio-Gonzalez failed to establish past persecution on account of his ethnicity. Silverio-Gonzalez claims that his involvement in a fight, where his attackers referred to his indigenous Zapoteco ethnicity, established past persecution based on a protected ground. The IJ acknowledged that Silverio-Gonzalez's assailants used derogatory insults, but the use of ethnic slurs, without more, does not compel the conclusion that the assailants' motivation was based on his ethnicity. *See Parussimova v.*

*Mukasey*, 555 F.3d 734, 742 (9th Cir. 2009) (holding that "utterance of an ethnic slur" during an attack, without more, did not compel the conclusion that ethnicity was a motivating reason for the attack). Instead, the IJ permissibly concluded that the altercation and subsequent threats were animated by a personal dispute. The record amply supports this conclusion: the fight began when two individuals physically bumped into each other at a public party; Silverio-Gonzalez was only attacked after intervening in the ongoing dispute; and the other intervenors, who shared Silverio-Gonzalez's ethnicity, were never threatened or harmed after the altercation. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (holding that a mere personal dispute lacks a nexus to a protected ground).

Substantial evidence likewise supports the agency's conclusion that Silverio-Gonzalez failed to establish past persecution on account of his asserted particular social groups. The IJ reasonably concluded that Silverio-Gonzalez had not shown that he had taken the sort of "concrete steps" that would establish his membership in his first asserted group of "individuals taking concrete steps to resist gang authority." The IJ further held that, even assuming that they were cognizable, Silverio-Gonzalez's second and third asserted groups—namely, "immediate family members of Narcicio Silverio" and "members of the Silverio family"—lacked a nexus to the harm he experienced. Record evidence supports the agency's conclusion that Silverio-Gonzalez was targeted because of personal retribution and

3

generalized crime rather than family ties. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's conclusion that Silverio-Gonzalez failed to establish future persecution on account of any protected ground. Silverio-Gonzalez's parents, who share his ethnicity and remain in Mexico, have had no direct contact with the assailants since Silverio-Gonzalez's arrival in the United States. Although Silverio-Gonzalez's two cousins were murdered, he offered only speculation as to the perpetrator's motives, and he testified that he does not know the perpetrator's identity. Finally, even though Silverio-Gonzalez's ethnic group may face discrimination in Mexico, the IJ permissibly concluded that this does not establish a "pattern or practice" of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009) (holding that "widespread" discrimination, without more, was insufficient to show a "pattern or practice" of persecution).

2. The agency properly rejected Silverio-Gonzalez's Torture Convention claim on the ground that he failed to show that it is more likely than not that he would be tortured with the government's acquiescence if returned to Mexico.

The IJ reasonably concluded that Silverio-Gonzalez suffered no past torture.

4

Silverio-Gonzalez's physical altercation and death threats do not rise to the level of torture because they are neither "extreme" nor "severe." *See* 8 C.F.R. § 1208.18(a); *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (holding that repeated physical beatings did not constitute "torture"). Silverio-Gonzalez testified that he suffered a rape as a child, but the IJ permissibly concluded that this event does not qualify as "torture" because there is no evidence that a public official participated or acquiesced in that harm. *See* 8 C.F.R. § 1208.18(a)(1); *cf. Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) (holding that an applicant's rape by public officials was a "way of showing" the requisite "government involvement in a [Torture Convention] applicant's torture").

The IJ likewise reasonably concluded that Silverio-Gonzalez failed to show a sufficient likelihood of future torture. To the extent that Silverio-Gonzalez challenges the effectiveness of Mexican authorities, the IJ properly concluded that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Nor does Silverio-Gonzalez's generalized country conditions evidence compel the conclusion that he faces a "particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022).

**PETITION DENIED.**

5